```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division
```

| | |
|---|---|
| YAHOO!, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv1441(JCC) |
| ) | |
| YAHOOAHTOS.COM AND 1865 ) | |
| OTHER DOMAIN NAMES. ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's motion to waive order of publication and to set a time certain by which the remaining Defendants must respond.  For the following reasons, the Court will grant Plaintiff's motion.

### I.  Background

Plaintiff, Yahoo!, Inc., has brought this *in rem* action against 1,866 internet domain names, alleging violations of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  Plaintiff alleges that each of the Defendant domain names contained Plaintiff's "YAHOO!" trademark or confusingly similar variations or misspellings of that mark.  During December 2005 and January 2006, Plaintiff sent copies of its complaint to the 102 registrars of the Defendant domain names, requiring the registrars to "lock" the domain names and supply Registrar's Certificates.

-1-

During February and March 2006, Plaintiff sent certified e-mails to the registrants of the Defendant domain names with copies of the complaint and certain settlement documents attached.[1]  Plaintiff relied on the e-mail addresses provided by the registrants when they registered the Defendant domain names.  During May and June 2006, Plaintiff sent these documents to the registrants by international mail, using the postal addresses provided by the registrants to their registrars, except in a few cases where the registrants provided no postal address or a clearly incomplete postal address.  Following the issuance of these notices, registrants for over 700 of the Defendant domain names have either voluntarily transferred the domain names to Plaintiff or have entered into Permanent Consent Judgments providing for transfer of the domain names.

On July 10, 2006, Plaintiff filed a motion seeking to waive the publication requirement of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) as to the remaining Defendant domain names.  Plaintiff also requests that the Court set a time certain

---

[1] According to a declaration submitted by one of Plaintiff's trademark paralegals, Plaintiff received error messages stating that the e-mails were undeliverable in some instances.  To the extent that delivery failure could have been attributable to the size of the attached files, Plaintiff sent additional e-mails to the same addresses and, instead of attaching the complaint and the other files, provided a link in the e-mail that enabled recipients to view the complaint and settlement documents on a website.

by which the remaining Defendants must respond.[2]  This motion is currently before the Court.

## II.  Analysis

A.  Motion to Waive Order of Publication

The ACPA permits a trademark owner to file an *in rem* civil action against an infringing domain name in the judicial district in which the domain name registry is located.[3]  *See* 15 U.S.C. § 1125(d)(2)(A).  For an *in rem* action to proceed, the Court must find that the owner of the mark is not able to obtain *in personam* jurisdiction over the would-be defendant or through due diligence is not able to find a person who would have been a defendant in an *in personam* action.  *See* 15 U.S.C. § 1125(d)(2)(A)(ii).  This due diligence must be exercised by:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II).  These actions also constitute service of process under the ACPA.  15 U.S.C. § 1125(d)(2)(B).

Plaintiff has complied with subpart (aa) by sending copies of the complaint to both the e-mail and postal addresses

---

[2] At the time Plaintiff filed this motion, it had unresolved claims against 1,140 of the original 1,866 Defendant domain names.

[3] Verisign, Inc., the domain name registry for each of the Defendant domain names, is located in Dulles, Virginia.

provided by the domain name registrants to their registrars. Plaintiff contends that the registrants of the Defendant domain names have received actual service under subpart (aa) and that publication under subpart (bb) is therefore unnecessary. As such, Plaintiff seeks a waiver of this publication requirement.

There is some disagreement as to whether subpart (bb) makes publication mandatory or whether the inclusion of the language "may direct" confers on courts the discretion to excuse the publication requirement entirely. In *Banco Inverlat, S.A. v. www.inverlat.com*, 112 F. Supp. 2d 521 (E.D. Va. 2000), Judge Ellis concluded that "[t]he presence of the word "may" in § (bb) is properly read to mean that the publication requirement is within a court's discretion, meaning that a court may or may not direct notice by publication, depending on the circumstances." *Id.* at 523.[4] In *Shri Ram Mission v. sahajmarg.org*, 139 F. Supp. 2d 721 (E.D. Va. 2001), however, Judge Hilton concluded that "[t]he discretion afforded by the statute to a district court is merely over the manner in which notice may be published," and that "[t]he use of the word 'and' between paragraphs (aa) and (bb) makes paragraph (bb) mandatory."

Analysis of the statute must begin with the statute's language. *See United States v. Ron Pair Enter., Inc.*, 489 U.S.

---

[4] Judge Ellis went on to note that, "even assuming an ambiguity in this regard, statutory purpose compels the same result." *Id.* at 523.

235, 241 (1989). If said language is plain, then the Court must apply the statute "according to its terms." *Id.* "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). "If the language of the statute is ambiguous, in that it lends itself to more than one reasonable interpretation, [the Court's] obligation is 'to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and the general purposes that Congress manifested.'" *United States ex rel Wilson v. Graham County Soil & Water Conservation Dist.*, 367 F.3d 245, 248 (4th Cir. 2004) (quoting *Comm'r v. Engle*, 464 U.S. 206, 217 (1984)), *rev'd on other grounds*, 545 U.S. 409 (2005).

Upon consideration of the publication provision's language, as well as the context in which it appears, the Court concludes that the ACPA is ambiguous as to whether publication is required when a plaintiff has given actual notice of the proceedings in the prescribed manner. On one hand, as noted in *Shri Ram Mission*, subparts (aa) and (bb) are conjoined by the word "and," suggesting that both the actual notice provision and the publication provision must be satisfied. *See Shri Ram Mission*, 139 F. Supp. 2d at 724. On the other hand, subpart (bb)

is worded in a manner that imposes no limitations whatsoever on the Court's discretion over the method of the publication.  In light of such broad discretion, it makes little sense to read the statute in a manner that would preclude the Court from waiving publication altogether.  *See Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert County*, 401 F.3d 274, 280 (4th Cir. 2005) (stating the settled principle that statutes should not be construed in a manner that leads to absurd results).  Accordingly, the Court concludes that the ACPA's notice provisions are ambiguous.[5]

Because the notice provisions are ambiguous, the Court must construe them in a manner consistent with the ACPA's purpose.  *See Wilson*, 367 F.3d at 248.  Clearly, the purpose of subparts (aa) and (bb) is to ensure that an *in rem* action is proper and to provide notice to the registrant of the disputed domain names that his or her property is at issue in the litigation.  *See Banco Inverlat*, 112 F. Supp. 2d at 523.  Thus, where the domain name registrants have received actual notice in the manner prescribed by subpart (aa), "any further notice by publication pursuant to [subpart] (bb) would be superfluous." *Id.  See also Continental Airlines, Inc. v. continentalairlines.com*, 390 F. Supp. 2d 501, 505 (E.D. Va. 2005)

---

[5]Indeed, the fact that Judge Ellis and Judge Hilton reached opposite conclusions regarding the import of the ACPA's notice provisions also persuades the Court that these provisions are ambiguous.

("It is well-settled that . . . waiver of the publication requirement is appropriate where the domain name registrant has actual notice of the action against his property."); *Harrods Ltd. v. Sixty Internet Domain Names*, 110 F. Supp. 2d 420, 422 (E.D. Va. 2000) ("By Order of April 28, 2000, plaintiff was directed that notice by publication was unnecessary to effect service of process, because the record reflected that HBAL had received actual notice of plaintiff's action.").  Thus, where a plaintiff has sent copies of the relevant pleadings by e-mail and regular mail to the domain name registrants pursuant to subpart (aa), it is entirely consistent with the ACPA's purpose to waive the publication requirement.

In this case, Plaintiff has provided the complaint and certain settlement documents to the registrants of the Defendant domain names in accordance with the requirements of subpart (aa). The ACPA does not require proof of receipt of these communications by the registrants.  *Cable News Netword L.P., L.L.L.P v. CNNews.com*, 162 F. Supp. 2d 484, 494 (E.D. Va. 2001), *vacated in part on other grounds*, 56 Fed. Appx. 599 (4th Cir. 2003).[6]  In the presence of actual notice that satisfies subpart (aa), further publication of notice of this action would be

---

[6] Even though proof of receipt is not required to satisfy subpart (aa), the Court notes that over 700 of the Defendant domain names have essentially confirmed receipt by voluntarily transferring the domain names to Plaintiff or entering into Permanent Consent Judgments providing for transfer.

excessive and wasteful.  As such, the Court will grant Plaintiff's motion to waive publication.

B.  Motion to Set a Time Certain by Which the Remaining Defendants Must Respond

Plaintiff also asks the Court to enter an Order directing the remaining Defendants to appear within thirty days.  The Court finds that thirty days is a reasonable time period and will grant Plaintiff's motion.  The only remaining question pertains to the mode of giving Defendants notice of the Order setting a time certain to respond.

In the context of *in rem* actions, due process requires notice to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  In determining whether a proposed method of notice is reasonably calculated to satisfy these concerns, the Court should consider the nature and circumstances of the case, the reliability of the proposed method, and the availability of feasible and customary alternatives and supplements to the form of notice chosen.  *See Greene v. Lindsey*, 456 U.S. 444, 451-454 (1982).

In this case, e-mail will continue to be sufficient as the primary means of providing notice.  Registration agreements typically require registrants to provide current e-mail and postal addresses at the time of registration.  Registrants must

also update registrars with any changes to the contact information they supplied at the time of registration. Registrants generally receive e-mail notifications relating to every aspect of the domain name registration, renewal, and transfer process.  E-mail is the customary and preferred method of communication for domain name matters, costs far less than other communication methods, and provides nearly instantaneous communications.  As such, the Court finds that e-mail notifications of the Order setting a time certain to respond will provide sufficient notice.  To the extent that Plaintiff is unable to provide notice of the Order via e-mail, Plaintiff will be directed to send notice by international mail to the postal addresses that the registrants of the Defendant domain names provided to their registrars.

### III.  Conclusion

For the foregoing reasons, the Court will grant Plaintiff's motion to waive order of publication and to set a time certain by which the remaining Defendants must respond.  An appropriate Order will issue.


August 8, 2006                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE